UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE
Liberty Center, Suite 970
Pittsburgh, Pennsylvania 15222
Telephone: (412) 644-4756
Facsimile: (412) 644-4785

By: Norma Hildenbrand
    PA ID #70421

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: § | | CASE NUMBER: |
| AIRWAY INDUSTRIES, INC., § | | 06-20224 JKF |
| § | | |
| DEBTOR. § | | (CHAPTER 11) |
| _____ § | | |
| § | | |
| AIRWAY INDUSTRIES, INC., § | | |
| § | | |
| Movant § | | |
| § | | Relating to Doc. Nos. 70 and 90 |
| v. § | | |
| § | | |
| MADELEINE, L.L.C., et al. § | | |
| § | | |
| Respondents. § | | |

SUPPLEMENT TO OBJECTION OF UNITED STATES TRUSTEE
TO MOTION OF AIRWAY INDUSTRIES, INC. FOR AN ORDER PURSUANT TO
11 U.S.C. §§105, 363 AND 365, APPROVING (I) THE TERMS OF THE ASSET
PURCHASE AGREEMENT BETWEEN THE DEBTOR, TRAVELPRO
INTERNATIONAL, INC., AUSTIN HOUSE, INC. AND CERBERUS
PARTNERS, L.P., (II) THE SALE OF ASSETS FREE AND
CLEAR OF ALL LIENS AND CLAIMS, AND (III) THE ASSUMPTION
<u>AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>

TO THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, THE UNITED STATES TRUSTEE, ("UST"), through her undersigned counsel, who respectfully files with this Honorable Court a Supplement to Objection to the Motion of Airway Industries, Inc. For an Order Pursuant to 11 U.S.C. §§105, 363 and 365, approving (I) the Terms of the Asset Purchase Agreement Between the Debtor, Travelpro International, Inc., Austin House, Inc. And Cerberus Partners, L.P., (II) the Sale of Assets free and Clear of all Liens and Claims, and (III) the Assumption and Assignment of Executory Contracts ("Sale Motion") and represents as follows:

## Procedural Background

1. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 20, 2006. The UST appointed a Committee of Unsecured Creditors on February 6, 2006 (Document No. 86).

2. On January 27, 2006, the Debtor filed the Sale Motion (Doc. No. 70). On February 8, 2006, the Debtor filed a Supplement to the Sale Motion (Doc. No. 90) disclosing the payment of bonuses to the officers of the debtor.

3. On February 10, 2006, the UST filed an Objection to the Distribution of Sale Proceeds to the Officers of the Debtor (Doc. No. 92).[1]

---

[1] The Supplement to the Sale Motion sets forth the payment of bonuses for insiders:
a. William Berry, President, CEO and Secretary--proposed bonus $500,000;
b. Grace Kurowska, CFO--proposed bonus is the greater of $300,000 and 4% of the net proceeds of distributions to Cerberus from the Sale up to a maximum of $320,000;
c. Brian Miller, VP--proposed bonus is the greater of $300,000 and 4% of the net proceeds of distributions to Cerberus from the Sale up to a maximum of $320,000; and
d. Gerald Carr, Senior Director of Finance--proposed bonus $75,000.

2

4. On February 24, 2006 the Debtor filed a Reply to the UST Objection (Doc. No. 151) and maintains that Bankruptcy Court approval of the payment of the bonuses is not necessary because the payments are from a non-bankruptcy third party and therefore are not subject to § 503.

**Objection to Bonus Payments to Officers by Secured Lender**

5. The bonuses are clearly administrative expenses of the Debtor subject to § 503 which provides that such expenses "shall neither be allowed nor paid." The officers were employed by the debtor. The bonuses were contingent upon the continued employment by the debtor. The right to the payments springs from the sale of the assets of the debtor. There is no functional difference between the officers being paid directly with a check from the debtor as a retention bonus or, after the sale proceeds are distributed to the secured lender, then either being returned to the debtor as payment for a carve-out for administrative expenses or directly to the officers as an administrative expense. How the money is physically transmitted is irrelevant. The retention bonuses are administrative expenses of the debtor and are subject to § 503 review by the Bankruptcy Court.[2]

6. If the bonuses are not administrative expenses of the debtor, then the directors and controlling shareholders have created a conflict of interest with the officers by agreeing to allow the officers to be compensated by the secured lender. By creating a conflict of interest in being

---

[2]The requirements for compliance with § 503 are set forth more fully in the UST Objection, Doc. No. 92.

highly compensated by the secured lender, an adverse party to the debtor, the directors, officers and controlling shareholders may have breached their fiduciary duty to act in the best interest of the corporate debtor and its creditor body.

7. If the Bankruptcy Court permits the officers to receive the compensation from the secured lender, then the Court would, in effect, grant a waiver of those potential conflicts of interest and breaches of fiduciary duty.

8. By allowing a secured lender to pay bonuses to officers of a Chapter 11 debtor, the Court would set a precedent that would clearly have an enormous and detrimental impact on Chapter 11 bankruptcy cases. Allowance of extraordinary bonus payments to insiders of a debtor by secured lenders would result in such transactions flourishing to the detriment of the remaining creditor body in each case. The result would also (and in particular with publicly traded companies) erode public confidence in and compromise the integrity of the bankruptcy system.

<u>Fiduciary Duty of Directors, Officers and Controlling Shareholder</u>

9. It is well settled that officers, directors and dominant or controlling stockholders of corporations are fiduciaries of those corporations and their dealing with the corporation are subject to rigorous scrutiny. <u>Pepper v. Litton</u>, 308 U.S. 295, 306, 60 S.Ct. 238 (1939). In this case, the secured lender[3] is also a 42.43% shareholder and two of the five members of the board

---

[3] The entities known as Cerberus Partners, L.P., Cerberus Capital Management L.P. and Madeleine LLC will hereinafter collectively be referred to as "Cerberus."

are employed directly by Cerberus.[4] Cerberus, as the controlling shareholder, and the individual board members of the Debtor also have a fiduciary duty to the Debtor and its creditor body.

10. "The willingness to leave a debtor in possession is based on the assumption that officers and employees of the debtor can be depended upon to carry out the fiduciary responsibilities of a trustee." Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed. 2d 372 (1985); Wolf v. Weinstein, 372 U.S. 633, 751, 83 S.Ct. 969, 980, 10 L.Ed. 2d 33 (1963).

11. A debtor in possession is a fiduciary of the bankruptcy estate and is required to protect and conserve property for the benefit of creditors. "Directors of an insolvent corporation hold their powers 'in trust' for all creditors of the corporation. They may not use their powers for their own benefit and to the detriment of creditors." Bernstein v. Donaldson, 184 B.R. 694, 702-03 (Bankr. W.D. Pa. 1995), *aff'd* 104 F.3d 547 (3rd Cir. 1997).

12. Claims that involve the internal affairs of a corporation should be resolved in accordance with the law of the state of incorporation. First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 621, 103 S.Ct. 2591, 77 L.Ed. 2d 46 (1983). "The Debtor is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania." See Debtor's Emergency Motion for (1) an Order (A) Establishing Bidding

---

[4] The list of Equity Security Holders filed by the Debtor states that Madeleine, LLC and Affiliates c/o Cerberus Partners, LLC owns 42.43% of the shares of the Debtor. The testimony by Grazyna Kurowska at the section 341 meeting of creditors on February 16, 2006 stated that the five (5) members of the Board of Directors were Robert Davenport, an employee of Cerberus; Ray Wechsler, an outsider; Steve Mayer, an employee of Cerberus; William Berry, an employee of Airway Industries, appointed by the Board approximately August, 2005; Rick Abraham, who owns 32.85% of the shares of the Debtor as well as 50% ownership of Strategic Sourcing services that is also 50% owned by the Debtor as set forth on Debtor's Schedule B.

Procedures in Connection with the Proposed Sale of its Assets., Doc. 5, p. 3, para. 5. Therefore, Pennsylvania law regarding corporate fiduciary duties applies.

13. "Pennsylvania law provides that directors and officers of corporations are jointly and severally liable for any willful neglect, mismanagement or misconduct of corporate affairs if they jointly participate in the breach of fiduciary duty or approve of, acquiesce in, or conceal a breach by a fellow officer or director." Seaboard Industries, Inc. v. Monaco, 442 Pa. 256, 262, 276 A.2d 305, 309 (1971).

14. The fiduciaries of corporations owe the corporation a duty of loyalty. The duty of loyalty obligates the directors and officers to commit themselves to the business of the corporation with the attitude of promoting the interests of the corporation and not themselves. Bernstein 184 B.R. at 707.

15. "He who is in such a fiduciary position cannot serve himself first and his cestuis second. . . . He cannot by the intervention of a corporate entity violate the ancient precept against serving two masters. . . . He cannot use his power for his personal advantage and to the detriment of the stockholders and creditors no matter how absolute in terms that power may be and no matter how meticulous he is to satisfy technical requirements. For that power is at all times subject to the equitable limitation that it may not be exercised for the aggrandisement, preference, or advantage of the fiduciary to the exclusion or detriment of the cestuis. Where there is a violation of those principles, equity will undo the wrong or intervene to prevent its consummation." Pepper v. Litton, 308 U.S. 295, 311, 60 S.Ct. 238 (1939).

16. It is clear that the officers of the debtor owe a fiduciary duty to the corporation and once the corporation becomes insolvent, that duty is to protect the creditors of the estate–all creditors, not just the secured creditors and not just one creditor.

17. The insiders claim to have independently negotiated with Cerberus for the bonuses. The written agreements between Cerberus Capital Management, L.P. and the officers Grace Kurowska and Brian Miller, attached to the Debtor's Supplement to the Sale Motion, are also signed by "Bob Davenport, Managing Director, Cerberus Capital Management, L.P." Mr. Davenport is also a member of the Board of Directors of the Debtor. If Mr. Davenport was acting on behalf of Cerberus, and the agreement to pay the bonuses to the officers was for the benefit of Cerberus to the detriment of the remaining creditors of the insolvent entity, Mr. Davenport may be in breach of his fiduciary duty as Director of the Debtor.

18. What consideration was given to Cerberus for the bonuses? The Official Committee of Unsecured Creditors has alleged that the secured claim by Cerberus may not be perfected for its asserted first lien against the Debtor. *See* Complaint by Official Committee of Unsecured Creditors of Airway Industries, Inc. against Airway Industries, Inc., Cerberus Partners, L.P., Cerberus Capital Management, L.P., Madeleine, L.L.C., (Doc. No. 162). If the Court finds that Cerberus failed to properly protect its secured status, then the actions by the directors, officers and controlling shareholders to protect the Debtor's assets for the benefit of Cerberus to the exclusion of the remaining creditor body was at minimum a breach of the fiduciary duty of those directors, officers and controlling shareholders.

19. The bonus payments to the officers spring from the sale of assets and therefore

interferes with the independent business judgment of the officers. By the language of the written agreements with Grace Kurowska and Brian Miller (Exhibits A and B to Doc. No. 90), the bonuses were labeled "Transaction Bonus." To receive the extraordinary bonuses, the officers had to ensure the sale of the business and payment to Cerberus. Any objection to the secured status of Cerberus would jeopardize their bonus payment. By negotiating extraordinary bonus payments from the secured lender, the insiders of the Debtor have called into question whether they have complied with their fiduciary duty to protect the bankruptcy estate and its creditors.

## Conclusion

WHEREFORE, the UST requests that this Court:

1. Find that the proposed bonuses are administrative expenses of the Debtor and therefore subject to review by the Court pursuant to 11 U.S.C. § 503 and issue an order prohibiting the payment of bonuses as set forth in Debtor's Sale Motion and its Supplement;

2. If the Court finds that the directors, officers or controlling shareholders breached their fiduciary duty to the Debtor, then the funds that were earmarked for the officers as bonuses, should be directed to be paid for the benefit of unsecured creditors; and

3. Granting any and all further relief as may be equitable and just.

                                            Respectfully Submitted,

                                            KELLY BEAUDIN STAPLETON
                                            UNITED STATES TRUSTEE

Dated: March 16, 2006                       By:    <ins>/s/ Norma Hildenbrand</ins>

                                                            Norma L. Hildenbrand, Trial Attorney
                                                            PA ID 70421
                                                            Liberty Center, Suite 970
                                                            1001 Liberty Avenue
                                                            Pittsburgh, Pennsylvania 15222
                                                            (412) 644-4756 Telephone
                                                            (412) 644-4785 Facsimile